**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIO ANTONIO GARCIA-GARCIA, | No. 21-70600 |
| Petitioner, | Agency No. A205-489-457 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023[**]
Seattle, Washington

Before: W. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

Mario Garcia-Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision denying his asylum,

withholding of removal, and Convention Against Torture ("CAT") claims. The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA dismissed Garcia-Garcia's appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and CAT protection. We deny the petition.

We review the factual findings that a petitioner has not established eligibility for asylum, withholding of removal, or CAT protection for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). Our review is limited to the BIA's decision except where the BIA expressly adopted the IJ's opinion. *Id.* "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019).

We do not have jurisdiction to review the BIA's denial of his application for asylum. *See* 8 U.S.C. § 1158(a)(3). Garcia-Garcia did not file his petition within the one-year statutory limit for asylum claims. *See id.* § 1158(a)(2)(b). Before the BIA, Garcia-Garcia conceded the IJ's finding that his application for asylum was

time barred. He does not argue that changed or extraordinary circumstances excuse his lateness. *See id.* § 1158(a)(2)(d).

We have jurisdiction under 8 U.S.C. § 1252 to review Garcia-Garcia's withholding of removal and CAT claims. Substantial evidence supports the denial of withholding of removal. Garcia-Garcia argues that the IJ failed to properly consider his fear of harm based on his membership in a particular social group—namely, immigrants returning to Mexico from the United States. But both the IJ and the BIA considered his claim and discussed the relevant case law. Substantial evidence supports the IJ and BIA's conclusion that his proposed social group of immigrants returning to Mexico is not cognizable. Just as in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam), where we held that a group of "returning Mexicans from the United States" was not narrowly defined, here too the proposed group is overbroad. Further, the BIA did not err in finding that Garcia-Garcia did not suffer past persecution. Prior to his immigration to the United States in 2001, gang members attacked him as he was returning home from school. He testified that they targeted him because he was not a member of a gang. But the record does not show that the gang's assault amounted to more than criminally motivated violence. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by

3

theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the denial of Garcia-Garcia's CAT claim. His experience with gang violence did not amount to past torture. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment." (internal quotation and citations omitted)). Moreover, "[b]ecause the BIA could reasonably conclude that [the petitioner's] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture." *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). Garcia does not offer additional evidence beyond current country conditions to establish the possibility of future torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

**PETITION DENIED**.